IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUACHKUOTH WIYUAL THOK,<br><br>                    Petitioner,<br><br>     vs.<br><br>MERRICK GARLAND, Attorney General, United States; MARCOS CHARLES, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; TAE D. JOHNSON, Deputy Director, U.S. Immigration & Customs Enforcement; and TIMOTHY DUNNING, Sheriff of Douglas County, Nebraska;<br><br>                    Respondents. | **8:21CV254**<br><br>**ORDER** |

This matter is before the Court on petitioner Ruachkuoth Wiyual Thok's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Filing No. 1. Petitioner alleges he is currently detained by the United States Immigration and Customs Enforcement (ICE) authoritiesat the Douglas County Detention Center located at 710 South 17th St., Omaha, NE, pending removal proceedings.[1] Petitioner challenges the constitutionality of his lengthy confinement. The present petition is similar to an earlier petition for habeas corpus relief that also involved an order of removal dated December 23, 2020. *See Thok v. Garland*, No. 20cv478 (D. Neb.) ("*Thok I*"). In that action, noting it had jurisdiction only over Thok's constitutional claims and concerned with the length of

---

[1] The proper respondent in an immigration detention habeas case is the U.S. Immigration and Customs Enforcement (ICE) representative who controls petitioner's custody and can produce him if necessary. 28 U.S.C. §§ 2242-43; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

1

the petitioner's detention, the Court ordered a bond hearing. *Thok I,* No. 20cv478, Filing No. 14. The Court held a hearing on the petitioner's habeas corpus action on March 22, 2021. On April 1, 2021, the Court found

> It is clear from the evidence and as outlined above that Thok has failed to comply with the removal requirements. It is also clear that Thok has offered incorrect claims regarding his country of birth. The Court agrees that these actions are an attempt to stop or hinder his removal. Further, the Court finds that this behavior entitles Thok to no further habeas relief at this time. Accordingly, the Court will dismiss the petition for habeas corpus.

*Id.*, Filing No. 40, Memorandum and Order at 5. The Eighth Circuit Court of Appeals later dismissed, on stipulation of the parties, government's earlier interlocutory appeal of the Court's bond hearing order. Filing No. 42.

In the present petition, the petitioner adds allegations that "[o]n June 23, 2021, the Eighth Circuit Court of Appeals remanded the Petitioner's case to the Board of Immigration Appeals after a Supreme Court decision that an aggravated felony crime of violence cannot arise from unintentional conduct." Filing No. 1, Petition at 6. In *Thok v. Garland*, No. 21-1154 (8th Cir. June 21, 2020), on review of a Board of Immigration Appeals ("Board") decision, the government moved to remand the petition for review to the Board

> to allow it to consider whether Petitioner remains removable for a crime of violence aggravated felony for his Nebraska Revised Statutes § 28- 311.01 conviction in light of *Borden v. United States*, --- S. Ct. ---, 2021 WL 2367312 (June 10, 2021). Upon remand, the Board may also consider any other issues it deems necessary and appropriate, including the other removability grounds that the immigration judge found.

*Thok v. Garland*, No. 21-1154 (8th Cir. 2021), Respondents' Motion for Remand, filed June 21, 2021.

When considering a petition for habeas relief under 28 U.S.C. § 2241, the court must "issue an order directing the respondent to show cause why the writ should not be

granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  A writ or order must "be directed to the person having custody" and must "be returned within three days" unless the court finds good cause to allow more time.  *Id.*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining the custodian is "the person" with the ability to produce the prisoner's body before the habeas court).

Upon initial review of Thok's petition, the Court is unable to definitively say Thok is not entitled to any relief.  Therefore, the Court will order respondents to show cause why the writ should not be granted.  In light of the issues Thok raised, and the circumstances surrounding his request for relief, the Court finds good cause to allow respondents additional time to respond.  Accordingly,

IT IS ORDERED:

1. Respondent Marcos Charles, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement must show cause on or before December 8, 2021, why the petition for a writ of habeas corpus (Filing No. 1) should not be granted.

2. The Clerk of Court shall mail a copy of this Order to Show Cause to each respondent.

Dated this 9th day of November 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge